**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4124**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ELDEN PIERRE HANNAH,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:05-cr-00021-TLW-1)

Submitted:  February 25, 2010        Decided:  March 17, 2010

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sol Z. Rosen, Washington, D.C., for Appellant.   Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elden Pierre Hannah pled guilty pursuant to a plea agreement to trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (West 2006 & Supp. 2009), and conspiring to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). As part of his plea agreement, Hannah also agreed to an extensive forfeiture provision. The district court departed downward from Hannah's advisory Guidelines range and sentenced him to 168 months' imprisonment. Hannah noted his appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).* We affirm the judgment of the district court.

We have reviewed the record and conclude that the district court fully complied with Fed. R. Crim. P. 11 in accepting Hannah's guilty plea and in determining that his guilty plea was knowing and voluntary. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). The plea was also supported by an adequate factual basis.

Additionally, Hannah's sentence was reasonable. This court reviews a sentence imposed by a district court under a

_____

* Although Hannah was informed of his right to file a pro se supplemental brief, he has not done so.

2

deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must "first ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id.

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented" and "state in open court the particular reasons supporting its chosen sentence." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and citations omitted). This requires the district court to provide a sufficient explanation of the sentence to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. Id. This court presumes a sentence within the properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Hannah's sentence was both procedurally and substantively reasonable. The district court properly

3

calculated Hannah's advisory Guidelines range and adequately explained Hannah's sentence. Additionally, Hannah received a substantial downward departure based on his cooperation, and the materials submitted on appeal do not rebut the presumption of reasonableness this court affords his within Guidelines sentence on appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hannah's conviction and sentence. This court requires that counsel inform Hannah, in writing, of the right to petition the Supreme Court of the United States for further review. If Hannah requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hannah.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4